**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shawnston BEAUDOIN, Defendant–**
**Appellant.**

**No. 15–12324**

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 11, 2016.

Paul Jones, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Stephen Patrick Johnson, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Shawnston Beaudoin appeals his 264–month sentence, imposed below the low-end of the advisory guideline range. Mr. Beaudoin, who pled guilty to three counts of sexual exploitation of children for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) & (e), argues that his sentence is substantively unreasonable under 18 U.S.C. § 3553(a) for two main reasons. First, Mr. Beaudoin contends that the district court failed to properly weigh the mitigating factors under § 3553(a)(1) by ignoring his difficult upbringing, dedication to his family, and the circumstances of his offense. Second, he argues that the district court abused its discretion by ignoring his sentencing disparity claims under § 3553(a)(6). After careful review, we affirm.

I

On March 5, 2014, FBI agents searched Mr. Beaudoin's residence and business pursuant to a federal search warrant. The agents seized several documents and electronic items including digital cameras, cell phones, storage devices, and laptop and desktop computers. Mr. Beaudoin was interviewed during both of the searches, and he admitted to viewing, collecting, and trading child pornography online. Two days later, Mr. Beaudoin "voluntarily went to the FBI Office, waived his *Miranda* rights, and consented to a polygraph examination." PSI at ¶ 21.

Although he denied any history of physical contact or sexual conduct with a child under the age of sixteen, Mr. Beaudoin admitted that he had once rubbed a nine-year-old girl's breast area with his bare hand while she was spending the night at his house. *See* PSI at ¶ 24. He also admitted that he was interested in girls from ages six to fourteen and that he had a child pornography collection, but denied being interested in material portraying incest or abuse of children. *See id.* at ¶ 19.

The seized electronics revealed Mr. Beaudoin's large collection of child pornography and child erotica images, but only three digital photo albums are relevant to the three criminal charges here. All three albums contained images taken by Mr. Beaudoin using personal electronic devices over an eight-year period.

The first album depicted digital camera images of a prepubescent female sleeping on a bed with her legs open exposing her genitalia. This album contained one particularly disturbing image of an adult male's penis touching the girl's upper thigh. The second album contained cell phone images of another prepubescent female sleeping on a sofa with her genitalia exposed. The FBI's investigation confirmed that the bedspread and sofa in the images belonged to Mr. Beaudoin and that both girls had attended a daycare program run by Mr. Beaudoin's mother.

The third album contained cell phone images of the nine-year-old girl that Mr. Beaudoin admitted to touching once in the past. The images showed her showering naked and sleeping in her underwear. Mr. Beaudoin explained that this girl attended his church and that she and her siblings frequently spent the night at his house. During an interview with the FBI, the girl expressed no recollection of any of the events associated with Mr. Beaudoin's case and her guardian adamantly claimed that Mr. Beaudoin had not harmed the girl.

In March of 2015, Mr. Beaudoin pled guilty to three counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a) & (e). Based on an adjusted total offense level of 40 and a criminal history category of I, the probation officer calculated Mr. Beaudoin's advisory guideline range to be 292 to 365 months in prison. *See* PSI at ¶ 66; U.S.S.G. §§ 2G2.1, 3D1.4. In addition, Mr. Beaudoin's charged offenses each carried a maximum statutory penalty of 30 years' imprisonment and a minimum mandatory sentence of 15 years' imprisonment.

At sentencing, the government requested the statutory maximum of 30 years, and Mr. Beaudoin asked for a downward variance to 15 years. After considering the statements of the parties, the relevant § 3553(a) factors, and the advisory guideline range, the district court decided to vary downward and imposed a sentence of 264 months' imprisonment, or 22 years, followed by supervised release for life with special conditions, including participation in a mental health aftercare program that includes psychosexual evaluation and counseling if necessary. Mr. Beaudoin now appeals.

## II

We review the reasonableness of sentences under a deferential abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). We first consider procedural unreasonableness and then determine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* at 51, 128 S.Ct. 586.[1] The party challenging the sentence bears the burden of showing that it is unreasonable in light of the record and the

§ 3553(a) factors. *See United States v. Tome,* 611 F.3d 1371, 1378 (11th Cir.2010).

We will vacate a sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey,* 612 F.3d 1160, 1190 (11th Cir.2010) (en banc) (internal quotation marks and citation omitted). The weight given to any specific factor is committed to the discretion of the district court. *See United States v. Clay,* 483 F.3d 739, 743 (11th Cir.2007). Moreover, a district court does not commit reversible error simply because it attaches great weight to a single factor, but "[a] district court's unjustified reliance on a single § 3553(a) factor may be a 'symptom' of an unreasonable sentence." *See United States v. Williams,* 526 F.3d 1312, 1322 (11th Cir.2008).

A district court "shall impose a sentence sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a), including the need "to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant [and] to provide the defendant with needed ... correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Additional factors include "the nature and circumstances of the offense and the history and characteristics of the defendant ... [and] the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at § 3553(a)(1), (6). The provision to avoid unwarranted sentencing disparities applies when "apples are being compared to apples." *United States v. Docampo,* 573 F.3d 1091, 1101

1. Mr. Beaudoin does not argue that his sentence was procedurally unreasonable.

(11th Cir.2009) (internal quotation marks omitted). A court must consider significant distinctions and it "should not draw comparisons to cases involving defendants who were convicted of less serious offenses." *See United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir.2011).

## A

Mr. Beaudoin first argues that the district court discounted mitigating factors under § 3553(a)(1) concerning his difficult upbringing, dedication to his family, and the circumstances of his offense. This argument, however, is refuted by the record. In imposing Mr. Beaudoin's sentence, the district court stated "this was a tough case" and acknowledged that the government was asking for an exceptionally high punishment. The district court heard testimony from Mr. Beaudoin's mother about his difficult upbringing, including how he had to care for her much of the time, and that his sister was raped at age fifteen. His wife testified about his dedication to his family despite those challenges, and the court also allowed letters from his children to be read into the record.

The district court expressly stated that "all cases involving child pornography or sexual exploitation or children are hard, and I think they all do turn on individual facts." Recounting many of the individual facts in Mr. Beaudoin's case, the district court expressed concern over his actions and sexual inclinations, but found that his conduct was mitigated by his mental sickness, which influenced his conduct. The district court also credited Mr. Beaudoin for accepting responsibility, pleading guilty, and consenting to a polygraph test. Similarly, the court found it important that no evidence indicated that Mr. Beaudoin transmitted the images. Even accepting that Mr. Beaudoin's images were not circulated, the district court agreed that the

government's emphasis on the need to protect the public—especially young girls— was appropriate. The district court was particularly troubled by the fact that he took the photographs himself while the three young girls were sleeping in sexually compromising situations in his home.

In sum, the district court clearly considered the § 3553(a) factors, decided to vary below the advisory guideline range of 292 to 365 months, and imposed a sentence of 264 months' imprisonment. That downward variance is an indicator of reasonableness; the court declined to impose only the 15–year mandatory minimum because it believed that proclivity toward sexual abuse of minors is difficult to overcome. The 22–year sentence was below the statutory maximum of 30 years for each count—and that is another indicator of reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (comparing actual prison term imposed to twenty-year statutory maximum). Although the court did emphasize the need to protect the public, reference to a single factor is not enough to establish unreasonableness. *See Williams*, 526 F.3d at 1322. In its discussion of the prison term, the district court pointed to the program offered for mental psychosexual health and hoped it could help. The court was not insensitive to Mr. Beaudoin's circumstances; instead, it balanced Mr. Beaudoin's history and the specific facts of the case with the need to protect young, preteen girls from potential harm.

## B

Mr. Beaudoin also argues that the district court abused its discretion by ignoring his sentencing disparity claims under § 3553(a)(6). Mr. Beaudoin has not met his burden of presenting a suitable, comparable case. As Mr. Beaudoin outlines in his brief, without a comparable defen-

dant—one with a similar record, who has been found guilty of similar criminal conduct—there cannot be a proper comparison of sentences under § 3553(a)(6). *See United States v. Martin*, 455 F.3d 1227, 1241 (11th Cir.2006) (refusing to compare sentences without "a valid comparator").

Mr. Beaudoin claimed at least ten defendants were sentenced to shorter terms of imprisonment even though their crimes were the same as or worse than his own. The most analogous case he presented involved a man who received the minimum sentence of 15 years after taking pictures of a seven-year-old girl engaged in sexually explicit conduct in his home. But there was an important distinction. Mr. Beaudoin took photographs of three different girls over an eight-year period. In addressing the other child pornography cases raised by Mr. Beaudoin, the district court noted that some of the other cases involved defendants who had primarily swapped images of child pornography and that conduct alone was not as bad as the government argued. What stood out to the district court was that Mr. Beaudoin had personally taken the photographs of the three girls—in other words, he had manufactured the explicit material. This, in the district court's mind, was also a significant distinction. We agree. The district court, therefore, did not abuse its discretion in its application of § 3553(a)(6).

### III

Mr. Beaudoin has not demonstrated that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. Therefore, we affirm his 264–month sentence.

**AFFIRMED.**